UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA EICKELMANN,

    Plaintiff,

v.

PUBLIC HOSPITAL DISTRICT NO. 1 OF KING COUNTY, WASHINGTON D/B/A VALLEY MEDICAL CENTER,

    Defendant.

No.

COMPLAINT FOR DAMAGES

JURY DEMAND

## I. PARTIES, JURISDICTION, AND VENUE

1.1. Plaintiff Laura Eickelmann is a board-certified physician assistant who resides in Snohomish County, Washington.

1.2. Defendant Public Hospital District No. 1 of King County, Washington is a municipal corporation and component unit of the University of Washington that operates as Valley Medical Center ("Valley Medical") in King County, Washington.

1.3. Some of Ms. Eickelmann's claims arise under the laws of the United States. This Court has original jurisdiction over those claims under 28 U.S.C. §§ 1331 and 1343.

1.4. Ms. Eickelmann's other claims arise under Washington state law. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

COMPLAINT FOR DAMAGES– 1

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1.5. Prior to filing this Complaint, Ms. Eickelmann filed a charge with the Equal Employment Opportunity Commission (EEOC). Following an investigation, the EEOC found reasonable cause to support a finding that Ms. Eickelmann experienced unlawful discrimination and retaliation. The EEOC then referred the case to the Department of Justice (DOJ), who issued a right-to-sue letter. In compliance with 42 U.S.C. § 2000e-5(f)(1), Ms. Eickelmann has filed this Complaint within 90 days of receiving a right-to-sue letter.

1.6. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this lawsuit occurred in the State of Washington and all parties reside in Washington.

## II.   STATEMENT OF FACTS

2.1. Defendant Valley Medical hired Plaintiff Laura Eickelmann in 2015 to work full time as a physician assistant at its urgent care clinic in North Benson, Washington.

2.2. Throughout her employment, Ms. Eickelmann provided high-quality care to Valley Medical's patients.

2.3. According to Valley Medical, Ms. Eickelmann was a "valued employee."

2.4. In late 2017, Ms. Eickelmann took leave from work to care for her new baby.

2.5. On her return to work in January 2018, Ms. Eickelmann informed Valley Medical that she was breastfeeding and asked for a place to pump. Valley Medical offered her a room where supplies were kept, meaning other coworkers would come and go.

2.6. Shortly thereafter, Dr. Bouchard and Valley Medical removed Ms. Eickelmann from her assigned position at the North Benson facility and demoted her to a "float" position, meaning she would no longer have a permanent clinic assignment. This change in status meant less pay, less certainty on scheduling, and often, a longer commute. It

COMPLAINT FOR DAMAGES– 2

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

also meant Ms. Eickelmann had to find space to express breastmilk with each new clinic assignment.

2.7. In mid-2018, Dr. Bouchard suggested to Ms. Eickelmann during her performance review that her productivity needed to be improved and that it would have been higher had she not been taking time to pump breastmilk at work. He further suggested she could sit at her desk in a shared space and pump so she could avoid taking breaks. At no time did Dr. Bouchard offer support to or accommodation of Ms. Eickelmann in her effort to provide breastmilk to her new baby.

2.8. Over the course of the next year, Ms. Eickelmann learned that the unfair treatment and sexism she was experiencing was not unique to her. She learned of other, disturbing sexist comments about female patients and female colleagues in other urgent care clinics overseen by Dr. Bouchard. She learned that one or more male providers had viewed pornography at work, commented about female patients' and coworkers' bodies, suggested that a "woman's place is in the home," and remarked about being attracted to or wanting to have sex with female patients.

2.9. In addition, staff at Valley Medical began to refer to the "float" role as the "nursing mother" position as Dr. Bouchard only assigned it to Ms. Eickelmann and another new mother, PA Hope Roberts, who also elected to breastfeed her baby.

2.10. In August of 2019, Ms. Eickelmann expressed concerns about Valley Medical and Dr. Bouchard's unfair treatment of her in a "360" review process. Several other female employees also shared concerns of sexism and misogyny in the clinics overseen by Dr. Bouchard.

COMPLAINT FOR DAMAGES– 3

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2.11. Valley Medical, in turn, hired an investigator and alerted Dr. Bouchard of the complaints lodged against him.

2.12. In December 2019, before the investigation concluded, Dr. Bouchard asked Ms. Eickelmann whether she planned on having another baby. Ms. Eickelmann was taken aback by the question, and said nothing. Dr. Bouchard responded by telling her to arrive early for their next shift together so that he could conduct her annual performance review.

2.13. During the annual review, Dr. Bouchard criticized Ms. Eickelmann for being "negative" when she worked with "certain" people. When pressed for examples, Dr. Bouchard offered that Ms. Eickelmann was "negative" when she worked with PA Hope Roberts. Ms. Eickelmann pointed out that she had worked only a single 8-hour shift with Ms. Roberts He could provide no other examples for his unsupported comment. He further remarked that Ms. Eickelmann needed to be "careful."

2.14. Valley Medical's investigator thereafter confirmed that Dr. Bouchard had, indeed, made inappropriate inquiries of female providers' reproductive plans, but otherwise determined that the women's concerns were unfounded.

2.15. Following the investigation, Valley Medical took no meaningful action to root out sexism from its workplace. Its primary response was to allow Dr. Bouchard to relinquish his supervisory responsibilities, but continue to work alongside the subordinates who had lodged complaints against him. It declined Ms. Eickelmann's request to be returned to her clinic assignment at North Benson, preferring instead to keep her in the "float" position.

2.16. In February 2020, Ms. Eickelmann renewed her request to be moved back to her previous position at North Benson and offered to increase her hours in order to address

COMPLAINT FOR DAMAGES– 4

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Valley Medical's apparent concern about staffing levels. Valley Medical again denied the request.

2.17. Meanwhile, Ms. Eickelmann was assigned to work in the same clinic as Dr. Bouchard. On two such occasions – at the beginning of the COVID-19 crisis – Dr. Bouchard came into the same space as Ms. Eickelmann, unmasked and talking loudly or breathing heavily, leaving her feeling alarmed and afraid for her safety.

2.18. In June 2020, feeling she had run out of options, Ms. Eickelmann filed an EEOC charge. Around this same time, she also started looking for a job with another organization as she found the workplace intolerable and Valley Medical's response to women's concerns unconscionable. The ongoing COVID-19 crisis, however, made changing jobs exceedingly difficult.

2.19. Meanwhile, to the EEOC, Valley Medical downplayed the sexist and degrading comments made to and about women in its urgent care clinics and claimed to have "resolved" any possible concern by, again, pointing to the fact that Dr. Bouchard was no longer in a supervisory role.

2.20. Valley Medical's stance remained unchanged even after it learned that, in December 2020, one of its male doctors took down his pants in the workplace to expose his butt for a COVID vaccine shot, a picture of which he then circulated to supervisors and staff alike.

2.21. And Valley Medical insisted and continues to insist that the "float" assignment for Ms. Eickelmann was not a product of bias or discriminatory treatment.

COMPLAINT FOR DAMAGES– 5

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2.22. The EEOC, however, disagreed. It determined that Ms. Eickelmann's concerns were valid. Even then, Valley Medical refused to return her to a permanent clinic assignment.

2.23. Ms. Eickelmann ultimately landed a PA position with another employer and resigned from Valley Medical in May of 2021.

2.24. Valley Medical's discriminatory and retaliatory treatment of Ms. Eickelmann has caused and continues to cause her to suffer economic and non-economic damages.

### III.   LEGAL CLAIMS

3.1. Plaintiff realleges the above allegations in support of her legal claims below.

**A.   Sex/Pregnancy Discrimination**

3.2. Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Washington Law Against Discrimination, RCW 49.60., *et seq.*, by subjecting Plaintiff to disparate treatment on the basis of her sex and/or pregnancy by, *inter alia*, permitting male employees to make sexist and misogynist comments in the workplace, acquiescing to/engaging in gender stereotyping, giving male employees favored treatment, making disparaging remarks about Plaintiff's breastfeeding, issuing biased and negative performance reviews, inquiring into Plaintiff's and other female employees' reproductive plans, and demoting Plaintiff to a less favorable position following her pregnancy.

3.3. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, lost future earnings, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial

COMPLAINT FOR DAMAGES– 6

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**B.     Hostile Work Environment**

3.4.    Defendant violated Title VII and the WLAD by subjecting Plaintiff to a hostile work environment based on her sex/or pregnancy by permitting or acquiescing to the comments and actions as described above that were unwelcome and offensive to Plaintiff, and would be viewed as hostile to a reasonable woman in Plaintiff's shoes.

3.5.    As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, lost future earnings, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

**C.     Retaliation**

3.6.    Defendant violated the WLAD and Title VII when it retaliated against Plaintiff for her opposition to sex and/or pregnancy discrimination, including by denying her request for a permanent clinic assignment and issuing negative performance reviews.

3.7.    As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of compensation and benefits, emotional distress, anxiety, humiliation, and embarrassment, each in amounts to be proven at trial.

## IV.    PRAYER FOR RELIEF

4.1.    Plaintiff prays for judgment and relief against Defendant as follows:

  a.   Damages for lost compensation and benefits in an amount to be proved at trial;

  b.   Damages for emotional distress, anxiety, humiliation, and embarrassment in amounts to be proved at trial;

  c.   Punitive damages in an amount to be proved at trial;

  d.   Reasonable attorneys' fees, expenses, and costs;

  e.   Pre-and post-judgment interest to the maximum rate allowed by law;

COMPLAINT FOR DAMAGES– 7

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

f.      Increased payment to make up for any adverse tax consequences of any award to Ms. Eickelmann;

g.      Other relief to the furthest extent the Court determines is just and proper.

DATED this 12th day of July, 2021.

SCHROETER GOLDMARK & BENDER

*s/ Elizabeth Hanley*
ELIZABETH A. HANLEY, WSBA #38233
LINDSAY L. HALM, WSBA #37141
ASHLEY GOMEZ, WSBA #52093
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: hanley@sgb-law.com
       halm@sgb-law.com
       gomez@sgb-law.com

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES– 8

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305