UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA EICKELMANN, | CASE NO. 2:21-cv-00927-JHC |
| Plaintiff, | ORDER RE: JOINT MOTION TO CONTINUE DEADLINES |
| v. | |
| PUBLIC HOSPITAL DISTRICT NO. 1 OF KING COUNTY, WASHINGTON d/b/a VALLEY MEDICAL CENTER, | |
| Defendant. | |

This matter comes before the Court on the parties' joint motion to continue expert disclosures, discovery cutoff, and dispositive motions deadline. Dkt. #19. Having considered the motion and the governing law, the Court GRANTS in part and DENIES in part the joint motion.

Trial in this matter is set for October 3, 2022. Dkt. # 11. The current deadline for expert witness disclosures and reports is April 6, 2022. *Id.* The current discovery cutoff is June 5, 2022. *Id.* The current deadline for dispositive motions is July 5, 2022. *Id.* The parties seek an extension of the expert disclosure deadline to June 1, 2022, and an extension of the rebuttal expert disclosure deadline to June 30, 2022. Dkt. # 19 at 3. The parties seek an extension of the

ORDER RE: JOINT MOTION TO CONTINUE DEADLINES - 1

discovery cutoff to July 15, 2022. *Id.* Lastly, the parties seek an extension of the deadline for dispositive motions to July 22, 2022. *Id.*

The Court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for resolving disputes. First, the Court generally sets the discovery motions deadline 30 days before the deadline for discovery to allow the Court to resolve the motions within the discovery period. Second, the Court generally sets the discovery cut-off 30 days before the deadline for filing dispositive motions to ensure that the Court has before it a complete record when it considers a motion that could potentially dispose of the case. Third, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period considers: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the Court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) another 30 days during which the Court endeavors to rule on the motion, *id.* LCR 7(b)(5).

The Federal Rules of Civil Procedure provide that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). In support of their motion, the parties state that they have been "diligently and cooperatively pursu[ing] discovery," but that they have "not completed a number of depositions of fact witnesses, which may be necessary for expert disclosures." Dkt. # 19 at 2–3. They explain that the "parties and the bulk of the witnesses in this case are healthcare providers, who are under considerable strain due to short-staffing and other complications which continue as a result of the COVID pandemic." *Id.* at 3.

The Court is disinclined to adopt the parties' proposed deadlines, as extending the dispositive motions deadline by 17 days would potentially put the trial date in jeopardy. Substantially shortening the amount of time between the dispositive motions deadline and the trial date would leave inadequate time for the parties to consider the Court's ruling and plan for

trial or an alternate resolution. However, the Court will grant the parties' joint motion in part. The Court will grant an extension of the final deadline for expert disclosures, as well as the discovery deadline, to July 1, 2022. The Court will grant a short extension of the deadline for dispositive motions to July 7, 2022. All other deadlines will remain unchanged. The Court cautions the parties that if they wish to seek additional deadline extensions, they must be prepared to show good cause.

Dated this 19th day of May, 2022.

*John H. Chun*

John H. Chun
United States District Judge